JAMES FINE *vs.* HARRIET D. HOFFMAN.

JUNE 25, 1958.

PRESENT: Condon, C. J., Roberts, Andrews, Paolino and Powers, JJ.

2

Powers, J. This is an action in assumpsit to recover a broker's commission for the sale of certain real estate. It was tried before a justice of the superior court sitting without a jury and resulted in a decision for the defendant. The case is before us on the plaintiff's bill of exceptions to such decision and to certain evidentiary rulings. However, since only the exception to the decision has been briefed and argued, the other exceptions are deemed to be waived.

It appears from the evidence that plaintiff, a Cranston realtor, was authorized orally but not exclusively to procure a purchaser of defendant's dwelling; that if plaintiff succeeded in procuring such a purchaser ready, willing and able to buy at a price agreeable to the seller, he would be entitled to a commission of 5 per cent; that the seller wanted the sale of the house to include the wall-to-wall carpeting; and that the asking price was to be at least $19,000.

The evidence further establishes that plaintiff advertised the property for sale in a local newspaper; that Mrs. Dora Pournaras was attracted by the advertisement and called plaintiff to inquire about defendant's property; that plaintiff arranged an appointment and on July 18, 1956 he conducted Mr. and Mrs. Pournaras through the house; and that two days later plaintiff communicated to defendant an offer of $17,000 for the house without the carpeting, which offer was flatly rejected.

The testimony further shows that in the latter part of August 1956 the premises were shown to Mr. and Mrs. Pournaras by a Mr. Moretti of Kelly & Picerne, which firm had previously had a sixty-day exclusive agency on the same property which had expired; that a deposit which Mr. and Mrs. Pournaras had given to Mr. Moretti on another piece of property was then applied to an offer by them of $17,500 for the property without the carpeting; that on September 7, 1956 they signed an agreement to purchase; that in November 1956 they purchased the property, including the carpeting, for $17,900; and that no commission has been paid to plaintiff.

There was testimony offered by Mr. and Mrs. Pournaras that on the day of the visit to the premises with plaintiff, Mrs. Pournaras offered $18,000 for the property with the carpeting and $17,000 without it. Indeed Mr. Pournaras, while not denying that his wife might have offered $17,000 without the carpeting, only remembered the latter offer of $18,000 with the carpeting. There was further testimony that plaintiff told defendant after her refusal to accept the offer of $17,000 that he was not interested in attempting to sell her property without an exclusive; that from about the first of August the purchasers had begun to look at other properties with Mr. Moretti of Kelly & Picerne; and that they had lost interest in the Hoffman property until it was shown again by Mr. Moretti sometime in the latter part of August.

4

On this statement of the facts plaintiff contends that he is entitled to a commission of $895, 5 per cent of the amount for which the property was sold, and that in deciding for defendant the trial justice misconceived the evidence and the law. In support of his claim he relies on the decisions of this court in *Peckham v. Ashhurst*, 18 R. I. 376; *G. L. & H. J. Gross v. Tillinghast*, 35 R. I. 298; *McCarthy v. McCarthy*, 49 R. I. 200; *Gallagher v. Paris*, 53 R. I. 186; *Langhammer v. Cote*, R. I., 117 Atl. 529, and cases therein cited.

The decisions of this court in those and similar cases have established as the law of this state that a real estate broker, acting on authority expressed or implied, is entitled to a commission for his services *if and when* they are the procuring cause of obtaining a purchaser ready, willing and able to buy at a price or terms satisfactory to the seller. We stress the words *if and when* because the question of whether or not the broker's services were the procuring cause is one of fact, *Stone v. Mantas*, R. I., 159 Atl. 583, but it once having been established that they were, nothing in the conduct of an intervening broker or of the purchaser or seller can deprive the broker of compensation. *G. L. & H. J. Gross v. Tillinghast, supra.*

We think that the case before us is to be distinguished on its facts from those cases cited by plaintiff. *McCarthy v. McCarthy, supra*, clearly shows the distinction. There the plaintiff broker had shown the premises to one Kerns who subsequently purchased them after the intervention of another broker. The court, in finding for the plaintiff, said at page 203: "When the second broker intervened it does not appear that the negotiations between the plaintiff and Mr. Kerns had been expressly broken off or that the latter had lost interest in the property and dismissed from his consideration the problem of attempting to purchase the property." And further that "Nothing else appearing and the interval being so short, it is presumed under the

circumstances that the plaintiff's efforts were the procuring cause of the sale."

In the case at bar the trial justice found as a fact that the services of plaintiff were not successful in procuring a buyer ready, willing and able to meet the terms of the seller and that he had abandoned his agency. It is well established that the findings of a trial justice will not be disturbed unless they are clearly wrong or he has overlooked or misconceived important evidence. *Valois* v. *Pelletier*, 84 R. I. 176, 122 A.2d 148.

In reaching his decision the trial justice remarked: "I don't know the theory on which it seems to me the plaintiff can collect a commission here. He had an opportunity, he brought parties to the house and the price that they were willing to pay was not a price that the defendant was willing to accept, and he apparently dropped the matter at that time, that is when the reply was given him." And further: " * * * all I have before me, is the testimony that has been placed before me this morning, and according to the testimony, Mr. Fine did nothing after he found that Mrs. Hoffman wasn't going to accept the offer that was given to her by him, and which Mr. Fine had received from his client, he dropped it."

Clearly the trial justice was impressed by the testimony of Mr. and Mrs. Pournaras and of the defendant to such an extent that he found as a fact that plaintiff had abandoned the situation and others took it up. We are of the opinion that he was clearly entitled to accept such testimony as proof of that fact. We are also of the opinion that he did not misconceive or overlook any important evidence.

Counsel for plaintiff strongly contends that the language used by the trial justice in arriving at his decision clearly demonstrates that he misconceived the law. The language in the transcript to which our attention is called is as follows: "Of course there are many cases along that line where

the realtor does accomplish the sale even though the consummation of it isn't done by him, he still isn't entitled to payment of a commission." Such is not the law of this state and if it truly represented the trial justice's conception of the rule it would be erroneous. However, an analysis of all of his remarks suggests that taken in context the word "isn't" in the clause "he still isn't" is either an inadvertence or a manifest misquotation. In any event from a reading of his entire decision we are of the opinion that he did not misconceive the law.

All of the plaintiff's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*Robert N. Greene*, for plaintiff.

*Michaelson & Stanzler, Milton Stanzler*, for defendant.